## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

YVETTE M. GAUDREAU, et al.,

    PLAINTIFFS,

v.                                                                        CASE NO.: CV-06-J-1186-S

VERIZON TELEPHONE CO.,

    DEFENDANT.

## ORDER

The plaintiff filed a Complaint and a motion for leave to proceed *in forma pauperis* (doc. 1), and two amendments to the complaint and motion (docs. 2 and 3). Having considered the complaint and all attachments to the complaint, the court finds as follows:

The plaintiff complains of ongoing harassment from her employer, Verizon Wireless Co. She asserts this harassment began in 1998, at her place of employment, which was in Troy, New York. The plaintiff was and still is a resident of Troy, New York, although she is currently in Alabama. The plaintiff asserts defendant's official business address is in Arlington, Virginia.

In consideration of the foregoing, the court is of the opinion that if a federal cause of action is stated in the complaint, the appropriate place for filing the same is in a United Stated District Court in New York. *See e.g.*, 28 U.S.C. §§1391(b).[1] As

---

[1] 28 U.S.C. § 1391(b) states as follows:
A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district

no party to this suit is a resident of Alabama and none of the alleged harassment occurred in Alabama, this is simply the wrong court to hear this complaint.

It is therefore **ORDERED** by the court that the plaintiff's motion to proceed *in forma pauperis* is **DENIED**. It is further **ORDERED** by the court that this case is **DISMISSED WITHOUT PREJUDICE**, for refiling in the appropriate United States District Court in New York.

**DONE** and **ORDERED** this the 26th day of June, 2006.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.